## Case No. 8,103.

### In re LATHROP.

[3 Ben. 490; [1] 3 N. B. R. 410 (Quarto. 105).]

District Court, S. D. New York. Nov., 1869.

CHAMPERTY—COMPROMISING DEBT—REJECTING PROOF OF DEBT.

1. M. & C. had filed two proofs of debt against bankrupts, one for $5.95 and a second for $86.61. They presented a petition to the court, praying for the rejection of proofs of debt filed by another creditor, P., to the amount of $48,663. Thereupon, P. presented a petition, stating that he was the owner of the debt for $86.61, and had proved it himself as a debt, and that the claim for $5.95 had no valid existence, and praying that the claims of M. & C. might be rejected. On this petition, a reference was had before the register, who reported that M. & C. were creditors in the sum of $86.61, and that the claim for $5.95 ought to be disallowed. It appeared that M. & C. had made an agreement with one L., appointing him their agent to collect their debt from the bankrupts at his expense, he to pay them one-fourth of what he should collect. This agreement was claimed by P. to be champertous. It further appeared that M. & C., having a note of the bankrupts for $173.63, had sold it to P. for less than its face; that P., in making such purchase, acted for the bankrupts;

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

that the money with which he bought it was not his own, but proceeds of assets which belonged to the bankrupts when their petition was filed; and that the claim which M. & C. had proved, was for the remainder of the note, beyond the sum they had received from P. *Held*, that the agreement between L. and M. & C. furnished no ground for disallowing the claim of M. & C.

2. M. & C., in dealing with P., supposed they were compromising the note with the bankrupts, and they could not prove any part of it, or question the right of P. to prove it, and their proofs of debt must be disallowed.

3. Under the 22d section of the bankruptcy act [of 1867 (14 Stat. 527)] the examination as to any proof of debt might be made without any application therefor, and as it appeared from the evidence that certain claims held by P. were not his, because he was acting for the bankrupts in purchasing them, they must be rejected.

[Cited in Re Pease, 29 Fed. 595.]

4. It must be referred to the register to report which claims ought to be rejected on this ground.

[5. Cited in Boyd v. Olvey, 82 Ind. 304, to the effect that a bankrupt is entitled to property remaining in the hands of the assignee after the trust is finally settled.]

[In the matter of Robert Lathrop and others, composing the firm of Lathrop, Cady & Burtis, bankrupts.]

Vernam & Wilcox, for Morgan and Clark.
E. W. Stoughton and D. A. Hawkins, for Prescott.

BLATCHFORD, District Judge. On the 8th of April, 1869, Augustus M. Morgan and George G. Clark filed a petition in this court, alleging that they are creditors of the bankrupts by claims duly proved herein, and praying, on certain facts alleged in said petition, that certain proofs of debt filed herein by one Cyrus D. Prescott and others, to the amount of $48,663, be disallowed and rejected as not due to the claimants thereof. One proof of debt of Morgan and Clark was filed on the 18th of January, 1869, and embraced only one item of claim, being for $5.95. Another proof of debt of Morgan and Clark was filed on the 19th of February, 1869, and embraced only one item of claim, being for $86.61. Before any adjudication on said petition of Morgan and Clark, and on the 12th of April, 1869, a petition was filed in this court by the said Prescott, alleging that he is a creditor of the bankrupts by claims duly proved herein, to the amount of $54,100.16; that he is the owner of the said claim amounting to $86.61 proved by Morgan and Clark, having purchased it from them before it was so proved, and had proved it himself as a claim herein; and that the alleged claim of $5.95 has no valid existence. The petition prays for an order referring it to a register to investigate the existence and validity of the claims of Morgan and Clark, and that such claims may be rejected and disallowed. On this petition, an order was made by this court, on the 22d of April, 1869, referring it to Register

Dwight, to take proof as to whether Morgan and Clark are creditors or not of the bankrupts, and, if so, in what amount, and to report the same to this court, with his opinion thereon. In pursuance of this order, the register has reported the testimony taken before him thereunder, and has also reported that in his opinion, Morgan and Clark are creditors of the bankrupts in the sum of $86.61, besides interest, and that the claim of $5.95 ought to be disallowed, as not an existing debt.

The case has been argued before the court on the testimony and report, on the question as to whether the report should be confirmed by the court. The first point taken on the part of Prescott is, that the claims of Morgan and Clark ought to be rejected because they are prosecuted under a champertous agreement made between Morgan and Clark and one Paoli Lathrop. The agreement is in evidence. By it, Morgan and Clark appoint Lathrop their agent, to take such proceedings for them in law or otherwise, to recover from the bankrupts or settle with them for said claims, as he may deem advisable, but all such proceedings are to be at the cost and expense of Lathrop, who is to save Morgan and Clark harmless therefrom; and, in consideration thereof, Morgan and Clark agree that Lathrop may retain, as compensation for his services, three-quarters of any and all sums he may recover or collect on account of said claims, besides the expenses he may incur in so doing, the remainder to be paid to Morgan and Clark.

Morgan and Clark do not come into court to enforce against the bankrupts a right of action which owes its existence to this agreement with Lathrop. Their claims against the bankrupts, if valid, exist independently of such agreement. Nor is Lathrop a party to these proceedings, setting up such agreement by way of offensive or defensive action. The agreement is a collateral matter. The claims of Morgan and Clark are not founded on it as a cause of action. Under such circumstances, it has never been held that an agreement made by the creditor with a third party, in reference to the prosecution of a claim, although it would be held to be champertous if either party to it were setting it up as the foundation of a suit or a defence in a court of justice, can be used to defeat the creditor in establishing a claim otherwise valid. In the case of Hall v. Gird, 7 Hill, 586, a suit to foreclose a mortgage was brought, under an agreement made between the plaintiff and her solicitor, by which the latter was to have one third of what should be collected. The chancellor held that this, which was the only defence set up, was no defence whatever, and his decision was affirmed by the court for the correction of errors. The opinion of that court was delivered by Mr. Justice Beardsley, who held that the agreement did not in-

validate the mortgage or impair the obligation of the mortgagor. He says: "An offer to use a mortgage or any other security valid in its inception, or even its use, for an illegal purpose, is not, at common law, any impediment to its collection, nor any color of defence, permanent or temporary, to the mortgagor or debtor, when payment is sought to be enforced. He is not allowed to assert that the vitality of his own obligation has become extinct by the illegal use to which that obligation has been applied, and thence infer that he is no longer liable on his engagement. Such a principle can hardly be seriously urged, and such a consequence cannot for a moment be admitted." In the case of Boone v. Chiles, 10 Pet. [35 U. S.] 179, a bill was filed to compel the conveyance of the legal title and an account of the rents and profits of certain land. The suit was brought in pursuance of an agreement made between the plaintiff and a third person, by which such third person undertook, at his own expense, to prosecute a suit for the land, and, as a consideration, he was to have one-half of the land. The defendants set up such agreement as a defence, and claimed that the case was one of champerty, in which the court could give no relief. The court held, that the objection to the plaintiff's recovery, on the ground of the agreement in question being champertous, could not be sustained; that the suit, although instituted in furtherance of the agreement, was not between the parties to it; that it did not concern the defendants whether the suit was commenced and conducted by the agency of the third party or by the plaintiff; and that the right of the plaintiff was not forfeited by such an agreement, and might be asserted against the defendants, whether the agreement made by the plaintiff with the third party was valid or void. In the case of Hilton v. Woods, 36 Law J. Ch. pt. 1, 941, a bill was filed to establish the right of the plaintiff to the coal mines under certain lands. It was shown to have been filed under an agreement made between the plaintiff and a third party, whereby, in consideration that the third party guaranteed the plaintiff against any costs in the suit, such third party was to have a portion of the value of the property, if recovered. Vice Chancellor Malins said that he had carefully examined all the authorities referred to in support of the argument that the agreement under which the suit was instituted amounted to champerty and maintenance, and consequently disqualified the plaintiff to sue. He added: "They clearly establish, that whenever the right of the plaintiff, in respect of which he sues, is derived under a title founded on champerty or maintenance. his suit will on that account necessarily fail. But no authority was cited, nor have I met with any, which goes the length of deciding. that where a plaintiff has an original and good title to property, he

becomes disqualified to sue for it by having entered into an improper bargain with his solicitor as to the mode of remunerating him for his professional services in the suit or otherwise." He further said, that the agreement in question amounted to maintenance, and, if the third party had been the plaintiff, suing by virtue of a title derived under that agreement, the bill would have been dismissed; but that, as the plaintiff was asserting a title vested in him before he entered into the improper agreement, he was not disqualified to sustain the suit. In the present case, Prescott can claim no greater benefit from the agreement with Lathrop than the bankrupts themselves could claim, as against Morgan and Clark. The objection in respect of champerty is, therefore, overruled.

The substance of the petition of Prescott is, that he is a creditor of the bankrupts, by debts proved by him herein, to the amount of $54,100.16; that, after the bankrupts were declared such, Morgan and Clark requested him to buy a note they held against the bankrupts, amounting to $173.63, due November 17th, 1867; that he bought it, at a price agreed on, and it was transferred to him by Morgan and Clark, and he has ever since owned it; that he has proved it as a claim herein; that Morgan and Clark have proved a pretended claim herein of $86.61, part of the said note for $173.63; that Morgan and Clark have also proved a pretended claim herein of $5.95; and that Morgan and Clark have no claims against the bankrupts, and the two claims proved by them are founded in fraud, illegality, or mistake.

A vast volume of testimony has been taken before the register, on the reference. It is claimed, on the part of Morgan and Clark, that the evidence shows that the alleged sale of the note by Morgan and Clark to Prescott, which was made at the price of fifty cents on the dollar, was not a sale to Prescott; that it was induced by false representations, made by the bankrupts, and by Prescott; that Prescott, in purchasing the note, did not act for himself, but acted for the bankrupts, and as their agent; and that the money he used in buying the note was not his own money, but was the proceeds of collections of assets which belonged to the bankrupts at the time their petition in bankruptcy was filed.

It is apparent, from the evidence, that Morgan and Clark, in parting with the note to Prescott, and receiving the fifty per cent. thereon, supposed they were settling and compromising with the bankrupts in respect of the note. They were not selling the note, in reality, to Prescott, and Prescott was not buying it. He was acting for the bankrupts. The purchase was one made for and by the bankrupts. Morgan and Clark cannot prove a part of the debt. nor can Prescott prove the whole of it. But. Morgan and Clark, not being creditors in respect of any part of it,

cannot question the right of Prescott to prove it. That right must be questioned otherwise. I see no evidence that the compromise was made by Morgan and Clark by means of any false representations made by the bankrupts, or by any one of them, or by Prescott as their agent. It is apparent, that they compromised the claim, because they regarded it as more advantageous to them to take, in cash, one-half of the claim, than to hold the claim longer. The proposition that, even though no false or fraudulent representations were made by the bankrupts, or by Prescott, to induce the compromise by Morgan and Clark, they are entitled to hold their claim against the estate of the bankrupts for the balance beyond the fifty per cent., cannot be maintained. As to fraud, if the contract of compromise were void for fraud, so as to give to Morgan and Clark the right to ask for its rescission, they are not in a position to do so. Such contract, if void for fraud, must be so void in the whole, and not in part. Morgan and Clark, by proving their claim for the one-half of the note, while they retain the fifty per cent. paid, and do not offer to return it, and while they insist that they did not sell the note to Prescott, and that they were engaged in making a compromise in regard to it with the bankrupts, are seeking to affirm one-half of the contract, and to disaffirm the other half. This they cannot do. As to the claim of $5.95, I think it has no existence, aside from the note, and that it was merged in the note, when that was made.

It follows, that the proofs of debt filed by Morgan and Clark must be disallowed and rejected. It is provided, however, by the 22d section of the bankruptcy act, that "the court may, on the application of the assignee, or of the bankrupt, or without any application, examine upon oath the bankrupt, or any person tendering, or who has made, proof of claims, and may summon any person capable of giving evidence concerning such proof, or concerning the debt sought to be proved, and shall reject all claims not duly proved, or where the proof shows the claim to be founded in fraud, illegality, or mistake." As such examination may be made without application therefor, and as the court sees, from the testimony now before it, that the claims proved by Prescott, and those proved by other persons, and since purchased by Prescott. are not the property of Prescott, for the reason that he acted for the bankrupts in purchasing such claims, both unproved and proved, they must be rejected as illegal.

It is not necessary to determine now what funds were used by the bankrupts to make the purchases which Prescott made for them. An order of reference will be made to the register in charge of this case, to report, on the testimony heretofore taken, and on such further testimony as he may choose to take, what claims proved by Prescott, or proved by others and since purchased by Prescott, ought to be rejected under the foregoing decision.

[NOTE. Upon the examination before the register Prescott refused to answer certain questions as to his transactions relative to his claim against the bankrupts. Upon certificate to the court it was ruled that he must answer. Case No. 8,106. A decree was subsequently entered, providing, among other things, for payment to Prescott of $62,315.85. Case No. 8,-104.]